UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS LEE LEVINE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 2:17-cv-13201

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [18],
ADOPTING REPORT AND RECOMMENDATION [17],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]**

    The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Dennis Lee Levine's application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). The SSA Appeals Council declined to review the ruling, and Levine appealed. The Court referred the matter to the magistrate judge and the parties filed cross-motions for summary judgment. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Levine's motion and grant the Commissioner's motion. Levine filed timely objections. Having examined the record and considered the objections de novo, the Court will overrule the objections, adopt the Report, deny Levine's motion for summary judgment, grant the Commissioner's motion for summary judgment.

## BACKGROUND

    The Report properly details the events giving rise to Levine's action. ECF 17, PgID 1022–41. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a magistrate judge's report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if a party "serve[s] and file[s] specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

**DISCUSSION**

Levine first contends that the magistrate judge erred by excusing the ALJ's failure to mention "the sworn statement/deposition of plaintiff's long-time treating psychiatrist[.]" ECF 18, PgID 1065.[1] But, as the Sixth Circuit has repeatedly recognized, "an ALJ can consider all the evidence without directly addressing" each piece in his decision. *Kornecky*, 167 F. App'x at 508 (quoting *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)). An ALJ's failure to discuss certain evidence in his written opinion "does not indicate that [the evidence was] not considered." *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004).

The ALJ, therefore, could have considered all the evidence—including the sworn statement of the treating psychiatrist—without explicitly considering a particular piece of evidence. The ALJ confirmed that "he considered 'all the evidence,' and the exhibit list appended to the decision includes the deposition transcript." ECF 17, PgID 1050 (citing the administrative record).

Second, Levine objects that the magistrate judge's analysis of the weight to be ascribed to Levine's treating psychiatrist's opinion was "undercut by her own discrediting of many" of the ALJ's reasons for discounting the treating psychiatrist's opinion. ECF 18, PgID 1068. The magistrate judge reviewed the ALJ's decision and noted that although there are "valid concerns with the ALJ's analysis," the ALJ "gave good reasons for his

---

[1] Levine's first objection also discusses whether the magistrate judge afforded his treating physician's opinion enough weight. *See* ECF 18, PgID 1066–68 (arguing "[a]n ALJ who does not accord a treater's opinions controlling or at least significant weight must provide 'good reasons' for not doing so" and contending that the magistrate judge must articulate reasons for not providing a treating physician's opinions controlling weight). That portion of the objection is better placed under Levine's second objection regarding whether the magistrate judge provided Levine's treating psychiatrist's opinions enough weight.

decision." ECF 17, PgID 1050–51. Plaintiff seems to indicate that because there were some flaws in the ALJ's reasoning that the case should be remanded. *See* ECF 18, PgID 1068–70. Not so.

The Court must affirm an ALJ's opinion if it is supported by substantial evidence consisting of "more than a scintilla of evidence but less than a preponderance[.]" *Rogers*, 486 F.3d at 241. The ALJ's decision was supported by substantial evidence.

Levine's treating psychiatrist, Dr. Kezlarian, believed that Levine's mental state limited his ability to work. *See* ECF 17, PgID 1029–30. But he also indicated that Levine's abilities changed over time. *See id.* (noting that Levine suffered from "severe and totally disabling major depression" in October 2007 but finding that Levine had only moderate limitations in November 2015). Dr. Kezlarian also provided deposition testimony that Levine was diagnosed with recurrent, severe major depression. *Id.* at 1031.

The ALJ found several reasons to discount Dr. Kezlarian's opinion. First, the ALJ noted that Levine was able to travel multiple times—including for medical emergencies. *See* ECF 17, PgID 1054. The ALJ found that these trips indicated Levine's ability to handle stress and to navigate different tasks and schedules. *Id.* Second, Levine served as caregiver for his father, which could indicate an increased capacity to complete certain tasks. *Id.* at 1055. Third, the ALJ found that Levine's attending a Japanese flower course, reading medical journals, and attending football games demonstrated, at least, an ability to concentrate and to maintain social interactions. *Id.* Fourth, the ALJ pointed to Levine's search for a job, temporary employment, and reinstatement of his medical license as evidence that Levine was able to work and that he perceived himself as such. *Id.* at 1056.

4

Finally, reviews by other medical personnel cut against Dr. Kezlarian's opinion. Dr. Kaye—who saw Levine five times for psychological evaluation and testing—produced a report indicating that Levine received high scores for mental processing, memory, and intelligence. *Id.* at 1058. Dr. Skoney, who met with Levine in 2005 and 2009, *see id.* at 1027, 1033, suggested in 2009 that he did not believe Levine was suffering from depression at the time, *id.* at 1058. Levine also visited doctors at Community Network Services ("CNS") and Jewish Family Services ("JFS"). At CNS, Levine's mental status examination produced a significantly higher score than the score produced by Dr. Kezlarian's examination. *Id.* at 1058. At JFS, the psychiatrist who met with Levine did not discern any signs of depression arising to an inability to work.

All of these reasons, when taken together, fully explains why the ALJ did not ascribe controlling weight to Levine's treating psychiatrist's opinion. *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 529 (6th Cir. 2014).

Finally, Levine styles a third objection that asks for the Court to affirm the magistrate judge's alternative argument and remand the case to the ALJ. ECF 18, PgID 1071–72. Because the objection does not challenge the magistrate judge's Report, the Court need not consider it. Regardless, remand is not appropriate because the ALJ did not err.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Levine's objections. The Court finds the objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Levine's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Levine's Objections [18] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Levine's Motion for Summary Judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: November 30, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 30, 2018, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager